IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDERS VILJO JUVONEN,

                Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

                Defendant.

OPINION AND ORDER

18-cv-390-wmc

Pursuant to 42 U.S.C. § 405(g), plaintiff Anders Viljo Juvonen seeks judicial review of a final determination that he was not disabled within the meaning of the Social Security Act between his alleged onset date of April 30, 2013, and the established onset date of July 31, 2016.[1] Juvonen contends that remand is warranted because the administrative law judge ("ALJ") failed to adequately account for his finding of a moderate limitation in concentration, persistence and pace ("CPP") in formulating his residual functional capacity ("RFC") and posing a hypothetical question to the vocational expert. The court agrees with plaintiff that the limiting Juvonen to "simple, routine and repetitive tasks" did not address adequately his moderate CPP limitation. As such, the court will reverse and remand for further proceedings.

---

[1] To clarify, the ALJ issued a partially favorable decision. During the time between his alleged onset date and the hearing, Juvonen developed diabetic neuropathy. As of August 1, 2016, the ALJ determined that he was limited to light work; before that date, however, there were no exertional limitations placed on Juvonen. The change limiting him to light work as of August 1, 2016, however, rendered him disabled under 20 CFR Part 40, Subpart P, Appendix 2, because given his age and the light work restriction, the vocational expert and, in turn, the ALJ, could no longer consider transferability of skills in determining whether jobs existed in the national economy. Plaintiff's appeal does not touch on the ALJ's exertional limitation findings. As such, the appeal necessarily only involves the denial of benefits from April 30, 2013, and July 31, 2016.

BACKGROUND[2]

Plaintiff Anders Viljo Juvonen applied for social security disability benefits on January 24, 2014, claiming an alleged onset date of April 30, 2013. With a birth date of December 26, 1952, Juvonen was "closely approaching retirement age" for the relevant period of his social security appeal. Juvonen worked as a podiatrist until his alleged onset date. He claimed disability based on his bipolar disorder, depression and diabetes. Medical records reveal Juvonen reporting difficulty with concentration, dating back to his alleged onset date. (Pl.'s Br. (dkt. #10) 4-6 (citing AR 338, 342, 285, 708).)

The ALJ held a video hearing on March 20, 2017, at which the plaintiff appeared personally and by his counsel, the same counsel as on appeal. The ALJ concluded that as of the alleged onset date, Juvonen suffered from bipolar disorder as a severe impairment; as of August 1, 2016, however, the ALJ concluded that Juvonen also suffered from diabetes mellitus with diabetic neuropathy as a severe impairment. Material to this appeal, the ALJ found that Juvonen had "moderate limitations in concentrating, persisting, or maintaining pace." (AR 19.) In making this determination, the ALJ explained:

> the claimant stated that he could only pay attention for thirty minutes, but could watch television and read within difficulty (4E/5-6). Upon examination, the claimant was often alert and oriented with goal directed though processes and intact attention and concentration (4F/18; 4F/22; 4F/30; 4F/38; 4F/42; 4F/50; 4F/58; 5F/79; 6F/3; 9F/4l 9F/17; 9F/22l 9F/26). However, at times, he had mild difficulty concentrating and needed redirection (4F/22). These findings support a

---

[2] The following facts are drawn from the administrative record, which can be found at dkt. #7. In light of the limited issue raised on appeal, the court cabins its description of the record to those documents relevant to the CPP moderate limitation.

> moderate restriction in concentrating, persisting or maintaining pace.

(AR 19.) Later in the opinion, the court also discounted Juvonen's report of "difficulty with memory, paying attention longer than thirty minutes, and being around others," reasoning that the record "demonstrates that he could have performed simple and routine tasks." (AR 21.)

The ALJ also relied on the opinions of the two state agency psychological consultants, Drs. Rattan and Harris, both of whom found moderate limitations with respect to "maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and complete a normal workday and workweek without interruptions from psychologically based symptoms (2A/6-7; 4A/9-10)." (AR 21.) The ALJ placed great weight on their opinions.

With respect to crafting an RFC, the ALJ limited Juvonen to "simple, routine, and repetitive tasks." (AR 20.)

OPINION

The standard by which a federal court reviews a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the

evidence, decide questions of credibility or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Accordingly, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and insure the ALJ has provided "a logical bridge," *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

Here, plaintiff contends that the ALJ erred in his treatment of Juvonen's moderate limitations in CPP in formulating an RFC and in articulating that RFC to the vocational expert. More specifically, consistent with well-established case law in the Seventh Circuit, Juvonen contends that a limitation to "simple, routine, and repetitive tasks" is insufficient to account for his CPP imitations, which renders the RFC formulation deficient and, as a consequence, opinions by the vocational expert similarly deficient. *See, e.g., O'Connor-Spinner v. Astrue*, 627 F.3d 614, 617 (7th Cir. 2010) (holding that the ALJ should refer "expressly to limitations on concentration, persistence, and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do"); *Crump v. Saul,* 932 F.3d 567, 570 (7th Cir. 2019) ("When it comes to the RFC finding, we have likewise underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace." (citation and quotation marks omitted)).

In his opposition brief, the Commissioner contends that the ALJ's treatment of the CPP limitation constitutes "alternative phrasing" allowed under *O'Connor-Spinner*. *See* 627 F.3d at 619-20 (describing various exceptions to this general rule including "when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform"). Specifically, the Commissioner points to the ALJ's reliance on the forms completed by the state agency psychological consultants, Drs. Rattan and Harris, both of which indicated that plaintiff could perform "unskilled work." (AR 21-22, 63, 76.) From this, the Commissioner apparently argues that limiting Juvonen to "simple, routine, and repetitive tasks" addresses his moderate limitations in CPP.

A close look at the forms completed by Dr. Rattan and Dr. Harris highlights the short-comings of this attempt to force the ALJ's treatment of CPP into one of the *O'Connor-Spinner* exceptions. Dr. Rattan found moderate limitations with respect to three concentration-related areas: (1) "ability to maintain attention and concentration for extended periods"; (2) "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"; and (3) "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms ad to perform at a consistent pace within an unreasonable number and length of rest periods." (AR 63.) In the narrative, Dr. Rattan then stated "He should be able to concentrate on tasks for up to two hours at a time." (*Id.*) On his part, Dr. Harris simply duplicated Rattan's form and stated, "[t]he initial determination is affirmed." (AR 75-76.) Critically, the finding that Juvonen could work up to two hours at a time is absent from

5

the ALJ's RFC and, in turn, the hypothetical posed to the vocational expert. While the court agrees with the Commissioner that the ALJ "is entitled to rely on a medical expert who effectively translates an opinion regarding the claimant's mental limitations into an RFC assessment," *see Saunders v. Berryhill*, No. 17-CV-616-BBC, 2018 WL 4027030, at *5 (W.D. Wis. Aug. 23, 2018), *aff'd sub nom. Saunders v. Saul*, No. 18-2910, 2019 WL 2714329 (7th Cir. June 28, 2019), the ALJ failed to do so here.

The logic behind the litany of Seventh Circuit cases from *O'Connor-Spinner* to the recent July 2019 case *Crump* requiring ALJ's to build a logical bridge between a finding of moderate limitations in CPP and nonexertional limitation in the RFC is clear and resonates with this case: "observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Crump*, 932 F.3d at 570. Here, Juvonen's ability to read and watch television, even if for longer than the 30 minutes he described in a self-assessment, says nothing about his ability to complete even unskilled work for a sustained period of time.[3] To the contrary, the state agency psychologists limited his ability to concentrate on work to no more than two hours at a time. The record is unclear whether this need for a break would erode the occupational base in such a way as to result in an insufficient number of jobs in the national economy. *See Sienkiewicz v.*

---

[3] The ALJ appeared to treat Juvonen's statement that he enjoyed reading and watching television as hobbies as somehow inconsistent with his statement that he could pay attention for 30 minutes at a time. (AR 210-211.) The court does not view these statements as conflicting.

*Barnhard*, 409 F.3d 798, 803 (7th Cir. 2004) (finding that two unscheduled one-hour breaks per week would make the claimant unemployable).

One final note: the Commissioner highlights aspects of the ALJ's opinion in which he found that "[p]laintiff had intact attention and concentration, except for mild problems on one occasion." (Def.'s Opp'n (dkt. #12) 7 (citing AR 21).) Regardless of whether there may be evidence in the record to support a finding of mild, rather than moderate limitations in CPP, the ALJ, placing great weight on the opinions of Drs. Rattan and Harris, found *moderate* limitations. Having made such a finding, the ALJ was required to account for it adequately in crafting an RFC. *See Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) ("A failure to fully consider the impact of non-severe impairments requires reversal.").

ORDER

IT IS ORDERED that the decision of defendant Andrew M. Saul, Commissioner of Social Security, denying plaintiff Anders Viljo Juvonen's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 25th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge